

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHWESTERN DIVISION**

BRENDA MCDONALD,

    Plaintiff,

vs.                            CASE NO. CV-01-J-549-NW

MARLEY FLEXCO, INC., et al.,

    Defendants.

## MEMORANDUM OPINION

Currently pending before the court is the defendant Marley Flexco Inc.'s ("Marley Flexco") motion for summary judgment (doc. 25), evidence in support of said motion and  memorandum of law.  The plaintiff filed a memorandum in opposition to said motion.[1]

Plaintiff commenced this action by filing a complaint alleging the defendant violated her rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §2615, by terminating her for leaving work due to illness.  Amended Complaint at ¶¶ 7-8. Upon consideration of the pleadings, memoranda and evidentiary submissions received, the court concludes that the motion for summary judgment is due to be granted as no genuine issues of material fact remain and the defendant is entitled to judgment in its favor as a matter of law.

---

[1]Plaintiff also named "Steve Nichols" in her Amended Complaint.  However, this defendant was never served with the Amended Complaint.  As more than 120 days have elapsed since the filing of the Amended Complaint, the claims against this defendant are **DISMISSED** due to the plaintiff's failure to prosecute.

30

## FACTUAL BACKGROUND

In the light most favorable to the plaintiff, the court finds the relevant facts of this case to be as follows:

The plaintiff began working for defendant in 1983. Plaintiff depo. at 14. On the morning of August 13, 1999 (a Friday), while at work, the plaintiff had what she considered to be an anxiety attack. *Id.* at 33. She was working on the forklift when another employee, Darryl Byrd, turned off the forklift and yelled at her to get off of it. *Id.* at 28. This had been an ongoing problem with Byrd. *Id.* at 26. She went to Doug Davis' office (the department manager) and stated, "I've had all of this I can take. I can't take no more .... I have got to see a doctor. I've got to leave now." *Id.* at 27, 34. *See also* Defendant's exhibit 2, Davis depo., at 17. Her supervisor, Johnny Wilbanks, told her "Brenda, don't leave. It's going to get better." Plaintiff depo. at 27, 33. He also told her that if she left, the defendant might consider her as having quit. *Id.* at 142-143. She told him "Johnny, I'm sick. There's something wrong with me. I have got to see a doctor." *Id.* at 34. She then walked out. The plaintiff does not remember if she clocked out before leaving. *Id.* at 51. The plaintiff had never had similar symptoms before and she has not had them since. *Id.* at 40, 103, 135.

While she was driving home, the plaintiff called Davis from her cell phone. *Id.* at 51. She told him, "Doug, I didn't mean to leave like I did .... But I was sick .... I had to get out of there .... If I hadn't got out of there, I'd probably hurt myself or I might have hurt somebody. I was just ready to scream." *Id.* at 52-53. The plaintiff

2

stated that Davis told her to get a doctor's excuse and come back on Monday. *Id.* at 53.

The plaintiff understood at the time in question that the defendant's policy was that "if you didn't tell anybody you were leaving, that you would be fired or dismissed." *Id.* at 57. *See also* Davis depo. at 10.

As of August 13, 1999, the plaintiff was taking Xanax. Plaintiff depo. at 64. When she got home, she called her doctor, who set up an appointment for her on the following Monday (August 16), after her shift ended, and told her to increase the amount of Xanax she was taking. *Id.* at 68-69. She then went to her doctor's office to pick up the prescription and an excuse for work. *Id.* at 69. She was not admitted to the hospital for anxiety, was not seen by a doctor on August 13, and was ready to return to work on Monday, August 16, 1999. *Id.* at 128; Defendant's exhibit 3.

Upon returning home from her doctor's office, Davis called the plaintiff to say that Steve Nicholas would not let her return to work. Plaintiff depo. at 73. The plaintiff stated that by this time, she was still shaking and nervous, but had calmed down. *Id.* at 70. She spent the remainder of the day trying to talk Nicholas into letting her return to work. *Id.* at 71. Nicholas told her that Davis did not want her back. *Id.* at 74, 78-79. Nicholas also told her that she had walked off the job. *Id.* at 83. Davis then told her the decision was made by Steve Roberts, who is Nicholas' boss. *Id.* at 74, 76.

The plaintiff was hired by and went to work at Martin Industries on August 16, 1999. *Id*. at 83-84.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed.R.Civ.Pro 56(e). In meeting this burden, the nonmoving party must demonstrate

that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *See Adickes v. SH. Kress & Co.*, 398 U.S. 144, 157 (1970). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251-252.

## LEGAL ANALYSIS

Plaintiff asserts that the defendant terminated her in violation of her rights under the FMLA. The FMLA entitles eligible employees to leave for a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D); *Strickland v. Water Works and Sewer Board of the City of Birmingham*, 239 F.3d 1199, 1204 (11th Cir.2001). Unless the

plaintiff suffers from a "serious health condition," she is not entitled to the protections of the FMLA.[2]

A "serious health condition" is defined by the FMLA as an "illness, injury, impairment, or physical or mental condition that involves ... inpatient care ... or continuing treatment by a health care provider." 29 U.S.C. § 2611(11). To meet her burden, the plaintiff must show that she "suffered from an illness or injury that resulted in an incapacity requiring absence from work ... for more than three calender days. The plaintiff must then show that [she] received continuing treatment as a result of this incapacity. Without such a showing, the plaintiff cannot rely on this definition of a 'serious health condition' to defeat a motion for summary judgment." *Haefling v. United Parcel Service*, 169 F.3d 494, 499 (7th Cir.1999); citing 29 C.F.R. § 825.114(a)(2)(i) (1998).

The FMLA was designed to cover serious illnesses lasting more than a few days. *See Haefling*, 169 F.3d at 499 ("It is hardly plausible that congress intended to elevate minor illnesses lasting a day or two to the stuff of federal litigation"). By her own testimony, the plaintiff left work, called her boss on her way home to apologize for leaving like she did, called her doctor, got a new prescription, and spent the rest of the day trying to get her job back.[3] When she could not, she started a new job on

---

[2] The parties seem to agree that no other clause of 29 U.S.C. § 2612(a)(1) would be applicable to these facts.

[3] While the plaintiff alleges she was also prescribed Paxil, she testified that she began taking it four months before her deposition. Plaintiff depo. at 104. As such, the

the next business day, that Monday.[4]  She had never before, and never since, had another anxiety attack.

As such, the plaintiff has failed to establish that she suffered from a "serious medical condition."  No evidence before this court establishes that the plaintiff suffered from any condition which required medical treatment or medication.  The plaintiff's mere allegations that she could not work the rest of her shift on one day do not rise to the level of a "serious health condition."

<b><u>CONCLUSION</u></b>

The court having considered the foregoing, and finding that the plaintiff has failed to establish a genuine issue of material fact regarding whether she suffered from a serious medical condition on August 13, 1999, the court **ORDERS** that the defendant's motion for summary judgment is hereby **GRANTED**.  This case is **DISMISSED WITH PREJUDICE**.  Each party is to bear its own costs.

**DONE** and **ORDERED** this the 5 day of March, 2002.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

---

court does not consider this to be evidence of her condition on August 13, 1999.

[4]Although the plaintiff relies on *Gay v. Gilman Paper Company*, 125 F.3d 1432 (11th Cir.1997) for the proposition that stress and depression can constitute a "serious health condition," the court finds that case to be distinguishable.  In *Gay*, the plaintiff had a nervous breakdown and was hospitalized.  The parties agreed that such a condition met the requirements of the FMLA.  *See Gay* at 1434, n. 3.

7